UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MARTINEZ,<br><br>    Petitioner,<br><br>    v.<br><br>M.E. SPEARMAN, Warden,<br><br>    Respondent.<br>_____ / | No. C 14-5012 NC (PR)<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

Ray Martinez, a prisoner at the Correctional Training Facility, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.[1] Petitioner's motion to proceed in forma pauperis is DENIED. For the reasons stated below, Petitioner's federal habeas petition is DISMISSED.

### DISCUSSION

**A. Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

---

[1] Petitioner consented to magistrate judge jurisdiction on November 24, 2014.

unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.     Legal Claims**

As grounds for federal habeas relief, Petitioner alleges that the Board of Parole Hearings violated his due process rights because the Board's denial of parole was not based on "some evidence." However, the Supreme Court has made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam). Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial. *Id.*, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). Petitioner's petition demonstrates that he was given those minimum protections. Thus, Petitioner's allegations fail to state a cognizable claim for federal habeas relief. *See id.*

## CONCLUSION

For the foregoing reasons, this petition is DISMISSED with prejudice. The clerk shall terminate all pending motions and close the file.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED:     March 3, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge